## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-2010-WJM-MJW

TERRANCE BROWN,

      Plaintiff,

v.

HIGH COUNTRY TRANSPORTATION, INC., and
KIRK CROWLEY,

      Defendants.

---

## JOINT PROPOSED SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The Scheduling Conference was held on December 17, 2015 at 10:30 a.m. In attendance were the following:

| | |
|---|---|
| Hunter A. Swain | Robert C. Evans |
| Diane S. King | Evans & Co. |
| King & Greisen, LLP | 823 E. 4th Ave. |
| 1670 York St. | Durango, CO 81301 |
| Denver, CO  80206 | (970) 375-9300 |
| (303) 298-9878 | revans@evanslawfirm.com |
| swain@kinggreisen.com | |
| king@kinggreisen.com | *Attorney for Defendants* |
| | |
| *Attorneys for Plaintiff* | |

## 2. STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

### 3. STATEMENT OF CLAIMS AND DEFENSES

**a) Plaintiff:**

Plaintiff Terrance Brown is a black African-American man.  Mr. Brown began
working as an independent contractor truck operator for Defendant High Country
Transportation, Inc. ("High Country") in early May 2015.

During his contractual relationship with Defendant High Country, Mr. Brown has
been subjected to race discrimination because of his status as a black African-American
man. Additionally, Mr. Brown has complained on multiple occasions about being subjected
to race discrimination against himself, and High Country has repeatedly retaliated against
him for doing so.

This unlawful discrimination and retaliation has included, *inter alia*, Trucker
Manager Clinton Shockley refusing to allow Mr. Brown to take previously scheduled time
off, in stark contrast to Shockley's treatment of white truck operators. Shockley has
repeatedly interfered with Mr. Brown's scheduled time off, which on one occasion caused
Mr. Brown to miss his daughter's school graduation, by making last minute changes to Mr.
Brown's freight load delivery assignments. Shockley and High Country do not interfere
with the previously scheduled time off of white truck operators.

Shockley's discrimination against Mr. Brown has also taken the form of Shockley's
repeated use of racial slurs toward Mr. Brown; for instance, after Mr. Brown complained of
Shockley's discrimination against him, Shockley began calling Mr. Brown the racially
derogatory terms "boy" and "bud."

Shockley has also consistently retaliated against Mr. Brown with respect to the terms and conditions of his contractual relationship with High Country, including by: (1) asking High Country employee Rick LeDay to convince Mr. Brown to retract his complaints of race discrimination because LeDay is also African-American, and thus he is "homeboys" with Mr. Brown; (2) repeatedly making last minute changes to Mr. Brown's delivery assignments that have caused Mr. Brown to lose a substantial amount of revenue; (3) cancelling Mr. Brown's freight pickups shortly before the designated pickup time; (4) refusing to pay Mr. Brown "layover" pay while he waits for a freight load; (5) assigning Mr. Brown the least desirable (and least lucrative) freight assignments; (6) subjecting Mr. Brown to an undeserved drug test; and other forms of retaliation. Other High Country employees have also retaliated against Mr. Brown, including by refusing to provide maintenance service to Mr. Brown's truck at High Country's maintenance yard and refusing to assign Mr. Brown freight loads. In such cases, High Country employees have explicitly explained to Mr. Brown that he was being refused service and freight assignments because he had complained of discrimination.

Mr. Brown repeatedly complained to Kirk Crowley, an owner of High Country Transportation, that he was being subjected to discrimination and retaliation. Crowley refused to take any action to remediate the discrimination and retaliation Mr. Brown was facing, despite Crowley's ability to do so.

Mr. Brown asserts claims against Defendants for race discrimination and retaliation for having complained of race discrimination in violation of 42 U.S.C. § 1981.

b) **Defendants:**

High Country Transportation, Inc. ("High Country") is a for-hire motor carrier company who uses independent contractors to assist in its business of hauling freight. Terrance Brown/ Mighty Men of Valor entered into an independent contractor agreement with High Country on or about May 21, 2015. At no time did High Country discriminate against plaintiff on the basis of race. In addition, High Country and its employees did not at any time retaliate against plaintiff as a result of complaints of race discrimination made by him. The High Country employee responsible for all trucking offers made to plaintiff has never met Mr. Brown. At all times relevant hereto, that load planner was unaware that plaintiff is African- American. In addition, the load planner was unaware that Mr. Brown had made any complaint of racial discrimination.

The independent contract governing the relationship between plaintiff and High Country provides:

You ("plaintiff") agree to make the Equipment available to HCT ("High Country"), with qualified and HCT Certified drivers, to pick up loads and transport them to destinations designated by various shippers.  You ("plaintiff") shall determine the means and methods of performance of all transportation services undertaken under the terms of this Agreement, including driving times and delivery routes. You ("plaintiff") may refuse to haul any load offered to you by HCT.

4

High Country receives requests for hauling of freight from its clients. The client requests transportation of a load, providing date and destination information to High Country. Loads are offered to drivers based on their location on a first in, first out basis. Loads offered to plaintiff were relayed to him through Mr. Clinton Shockley, who did not control which loads were offered to plaintiff. Mr. Shockley, as fleet manager, has no authority to assign loads and has not ever assigned a load to Mr. Brown. In fact High Country does not assign any load to independent contractors. The loads are offered by High Country and may be declined by the independent contractors without recourse except for loss of time as they wait for another load and money which could have been earned on the rejected load.

Loads may be delayed or canceled by the client. Mr. Shockley cannot delay or cancel a load but does relay information to truckers about a delay or cancellation when Mr. Shockley is notified of same.

Mr. Shockley did interact with plaintiff as his fleet manager and treated plaintiff without regard to his race. At no time, did Mr. Shockley refuse to allow Mr. Brown to take time off. Plaintiff's time off requests were handled in the same manner as other drivers. Plaintiff himself determined what time he would take off, as was his right as an independent contractor.

Mr. Shockley made no changes to plaintiff's freight load delivery offers. Mr. Shockley did relay information to plaintiff, including information regarding delays or

5

cancellation of requests for trucking transportation which were not caused or determined by High Country, but rather by the shippers/clients of High Country.

Mr. Shockley has never used a racial slur toward Mr. Brown. Mr. Shockley has addressed plaintiff in the manner he uses with other truckers, regardless of race.

Specifically addressing points made by plaintiff above, Mr. Shockley has not retaliated against plaintiff for plaintiff's claims of racial discrimination. In particular 1) Mr. Shockley never requested that Mr. LeDay speak to plaintiff about complaints of race discrimination. Mr. LeDay has spoken to plaintiff on two occasions. Neither plaintiff nor Mr. LeDay, who is an African- American man mentioned race discrimination in either conversation. Neither Mr. Shockley nor Mr. LeDay has ever used the term "homeboy" in discussion with plaintiff; 2) Mr. Shockley has never made last minute changes to plaintiff's offers. Mr. Shockley does not make delivery assignments to truckers, including plaintiff. Plaintiff is offered requests for transportation through a High Country load planner who has never met plaintiff, did not know he is African-American and was unaware of plaintiff's complaints at all times relevant hereto; 3) Likewise, Mr Shockley does not cancel or change transportation requests to truckers, including plaintiff. Mr. Shockley does relay information regarding available loads to truckers. Mr. Shockley also notifies truckers of delays or cancellation made by the clients. 4) Not all clients pay "layover pay". Plaintiff received all such pay to which he was entitled. 5) Mr. Shockley does not assign freight assignments and has no authority over offers made to plaintiff. Mr. Shockley relays offers

6

of loads to plaintiff and other truckers as they are relayed to him by the load planner;

6)Mr. Shockley and High Country had no control or input regarding the drug test request

to plaintiff. High Country follows federal regulations regarding drug testing. An

independent company determines the identity of persons undergoing drug testing.

Mr. Brown was not refused maintenance service on his truck by High Country's

maintenance yard on the basis of race. No High Country employee "explicitly explained to

Mr. Brown that he was refused service and freight assignments because he had

complained of discrimination."

Mr. Brown has never verbally complained to Mr. Crowley of discrimination or

retaliation. Mr. Crowley, Mr. Shockley, Mr. LeDay and High Country have acted in good

faith at all times and have neither discriminated against plaintiff nor retaliated against him

for making claims of racial discrimination. High Country does not discriminate on the basis

of race. Mr. Brown was not discriminated against by High Country or any of its

employees. Further, no adverse action or retaliation was taken as a result of plaintiff's

complaints of discrimination.

### 4. UNDISPUTED FACTS

**The following facts are undisputed:**

a.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§

1331 and 1343.

b.      Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b).

c.      Mr. Brown is a black African-American man.

d.      High Country Transportation, Inc. is an interstate dry freight trucking company. High Country is a Utah corporation headquartered in the State of Colorado, and is and was registered to do business in the State of Colorado during all relevant time periods.

e.      Kirk Crowley is an owner of High Country and is a resident of the State of Utah. Crowley has regularly conducted business within the State of Colorado during all relevant time periods.

## 5. COMPUTATION OF DAMAGES

Plaintiff: Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief, to the fullest extent allowed by law:

a.      Back pay and related compensation in an amount to be determined at trial;

b.      Front pay in lieu of reinstatement in an amount to be determined at trial;

c.      Compensatory and consequential damages, including emotional distress damages, as allowed;

d.      Punitive damages, as allowed;

e.      Liquidated damages, as allowed;

f.      Injunctive and/or declaratory relief;

g.      Pre- and post-judgment interest at the highest lawful rate;

h.      Attorneys' fees and costs of this action, including expert witness fees, and

all such similar relief as the Court deems just and proper; and

i.      Any and all such further relief as the Court deems just and proper.


Plaintiff has not yet received essential discovery pertaining to damages from

Defendant and will retain an expert to calculate Plaintiff's economic loss.

However, Plaintiff estimates the value of his economic loss at approximately fifty-

thousand dollars ($50,000) as of December 14, 2015. That amount represents, *inter alia¸*

lost freight delivery revenue and unpaid detention pay due to Plaintiff because of

Defendants' discriminatory and retaliatory conduct toward Plaintiff.


## 6. REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED. R. CIV. P. 26(f)

a.      The 26(f) meeting was held on December 2, 2015.

b.      Participants were Hunter A. Swain and Diane S. King on behalf of Plaintiff and

Robert C. Evans on behalf of Defendants.


c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Initial disclosures will be exchanged on or before **December 22, 2015**.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R.
Civ. P. 26(a)(1).

The parties propose exchanging initial disclosures on or before **December 22, 2015**.

e.      Statement concerning any agreements to conduct informal discovery:

The parties have not agreed to conduct any informal discovery at this time.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties are unable to agree to the maximum number of summary judgment motions that each party may file. Plaintiff proposes no more than one (1) summary judgment motion per party, and Defendants propose no more than three (3) summary judgment motions per party.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

The parties do not anticipate extensive ESI discovery in this case.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

Counsel for the parties have discussed the possibilities for a prompt settlement or resolution of the case by alternative dispute resolution, but were unable to reach agreement on these matters at this time.  The parties are aware of their obligation to report the results of any future settlement meeting to the Magistrate Judge within 14 days of the settlement meeting.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of
depositions or interrogatories contained in the Federal Rules:

The parties propose excluding expert witnesses from the

presumptive number of depositions.  Otherwise, the parties do not

propose any modifications to the presumptive numbers of depositions

and/or interrogatories.

b.      Limitations which any party proposes on the length of depositions:

The parties agree to the limitations as provided by the Federal Rules.

c.      Limitations which any party proposes on the number of requests for production
and/or requests for admission:

The parties propose a limitation of 25 requests for production and 25 requests for

admission per party.

d.      Other Planning or Discovery Orders:

None at this time.

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings: **January
31, 2016**. After Mr. Brown filed his Amended Complaint and Jury Demand
on December 2, 2015, Mr. Brown was constructively discharged from High
Country Transportation, Inc. Mr. Brown's counsel anticipate that he will
need to ask the court for leave to amend his Complaint to include
discriminatory and retaliatory events that have recently occurred.

b.      Discovery Cut-off: **June 17, 2016.**

11

c.      Dispositive Motion Deadline: **July 18, 2016.**

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff anticipates retaining an economic expert to evaluate Plaintiff's economic losses.

2.      Limitations which the parties propose on the use or number of expert witnesses:

The parties propose a limit of two (2) experts per side.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 18, 2016.**

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 18, 2016.**

e.      Identification of Persons to Be Deposed:

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
| --- | --- | --- | --- |
| Terrance Brown | To be determined | 9:00 am | 7 hours |
| Kirk Crowley | To be determined | 9:00 am | 7 hours |
| Clinton Shockley | To be determined | 9:00 am | 7 hours |
| Rick LeDay | To be determined | 9:00 am | 7 hours |
| Rule 30(b)(6) deponents of Defendant High Country. in areas to be identified | To be determined | 9:00 am | To be determined |

As discovery has not yet begun in this case, this is not an exhaustive list of all deponents.  As discovery continues, additional witnesses may be added to or removed from these lists, not to exceed ten (10) depositions per side, excluding experts.

  f.  Deadline for Interrogatories: **On or before 33 days prior to the discovery cutoff**.

  g.  Deadline for Requests for Production of Documents and/or Admissions: **On or before 33 days prior to the discovery cutoff**.

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

  a.  Status conferences will be held in this case at the following dates and times:

    _____.

  b.  A final pretrial conference will be held in this case on _____at o'clock _____m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

  a.  After Mr. Brown filed his Amended Complaint and Jury Demand on December 2, 2015, Mr. Brown was constructively discharged from High Country Transportation, Inc. Mr. Brown's counsel anticipate that he will ask the court for leave to amend his Complaint to include discriminatory and retaliatory events that have recently occurred.

  b.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

None.

  c.  Anticipated length of trial and whether trial is to the court or jury:

The parties anticipate a five (5) day trial to a jury.

d.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439:

The parties are unable to reach an agreement about the efficiency or economy of conducting pretrial proceedings at one of the District Court's facilities outside of Denver at this time.

    i.    Plaintiff's position is the following: All pretrial proceedings in this matter are most efficiently and economically conducted in the District Court's facilities in Denver. The only party that resides in Cortez, Colorado is High Country Transportation, Inc., which is not a natural person. Plaintiff is a resident of the State of Louisiana, and Plaintiff's counsel anticipate that many of the non-party witnesses in this matter will be residents of states other than the State of Colorado. Denver is more accessible to Plaintiff and to non-party witnesses who reside outside of the State of Colorado because Denver is more accessible by airplane and is situated at the intersection of interstate highways I-25 and I-70.

    ii.    Defendants' position is the following: All proceedings both pretrial and trial will be more efficiently and economically conducted

14

in the District Court's facilities located at the U.S. Courthouse/

Federal Building, 103 Sheppard Drive, in Durango, Colorado

81303-3439. No party or witness resides in Denver. High Country

has offices in Cortez, Colorado. Most, if not all, non-party witnesses

will be employees of High Country who live in or near Cortez. In

addition, defense counsel has offices in Durango, Colorado but not

in Denver, Colorado. The only connection to Denver is the location

of plaintiff's counsel. Cortez is 57 minutes from Durango. Cortez is

6 hours and 57 minutes from Denver.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ____day of _____, 20__.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:


/s/ Hunter A. Swain                          /s/ Robert C. Evans
_____          _____
Hunter A. Swain                              Robert C. Evans
Diane S. King                                EVANS & CO.
KING & GREISEN, LLP                          823 E. 4th Ave.
 1670 York St.                               Durango, CO  81301
 Denver, CO  80206                           Denver, CO  80202
 (303) 298-9878                              (970) 375-9300
 swain@kinggreisen.com                       revans@evanslawfirm.com
 king@kinggreisen.com

                                             *Attorney for Defendants*
*Attorneys for Plaintiff*